# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED VAN LINES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 07 C 2407 |
| | ) | |
| MARILYN BEAMAN, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Marilyn Beaman moved from Texas to Canada using Allied Van Lines. Ms. Beaman sued entities related to Allied in Canada, and Allied filed suit in this district. Ms. Beaman failed to answer or otherwise defend this suit, so Allied's motion for a default judgment – which seeks an anti-suit injunction enjoining Ms. Beaman from pursuing the Canadian action – is before the court. For the following reasons, this action is dismissed for lack of personal jurisdiction.

**I.  Background**

Allied Van Lines, Inc. is a Delaware corporation with its principal place of business in Westmont, Illinois. Marilyn Beaman is a citizen of Canada and currently resides in the City of Saskatoon, Province of Saskatchewan, Canada. In May of 2004, Ms. Beaman entered into a contract with Allied for the interstate transportation of her household goods from Texas to Saskatoon. The bill of lading, which is attached to the complaint, indicates that Ms. Beaman dealt with Allied via two of its agents: Berger Transfer & Storage's Austin, Texas office and Country Wide Moving & Storage, in Saskatoon, Canada. Later that month, some of Ms. Beaman's property was delivered to her in Saskatoon and the rest was placed into Country Wide Moving & Storage's storage facility in Saskatoon.

In August of 2004, Ms. Beaman picked up the items that had been in storage. She then submitted a claim to Allied, alleging that some of her property was missing or damaged and seeking over $78,000. Allied adjusted the claim and offered a modest settlement, which Ms. Beaman rejected. Ms. Beaman then asked Allied if it would enter into arbitration. Allied agreed, but Ms. Beaman did not proceed with arbitration. Instead, she filed a Statement of Claim in the Court of the Queen's Bench for the Judicial Centre of Saskatoon, Canada against L.B.C. Holdings Ltd. d/b/a Country Wide Moving & Storage, Allied Van Lines Ltd., and Allied Van Lines International Corporation seeking $140,450.00 for damages to her property. The Statement of Claim does not name Allied Van Lines, Inc., which is the plaintiff in this action, as a defendant.

Next, Allied filed a complaint for declaratory judgment in this district. Subsequently, it filed an amended complaint for declaratory judgment seeking a declaration that the Carmack Amendment, 49 U.S.C. § 14706, exclusively governs this action and that Ms. Beaman is entitled to $1,220 in damages related to her move. Allied also asked the court to enter an anti-suit injunction enjoining Ms. Beaman from filing suit against Allied in Canada. In its motion for default judgment, Allied specified that it seeks only an injunction enjoining Ms. Beaman from "pursuing any further litigation in Canada against [Allied] related to the loss or damage of her household goods and property." *See* Allied's Memorandum in Support of its Motion for Default Judgment, Docket No. 27 at 3.

II.     Discussion

   A.     The Carmack Amendment

Allied contends that because the Carmack Amendment governs shipments between the United States and Canada, this court can exercise personal jurisdiction over Ms. Beaman because Allied is headquartered in Illinois. This argument appears to be based on the Carmack Amendment's venue provisions, which provide that an action must be brought either in a state in which a defendant carrier operates or in a judicial district where the damage occurred. *See* 49 U.S.C. § 14706(d)(1) & (2).

Venue, however, is not the same thing as personal jurisdiction. Thus, while the Carmack "Amendment allows actions to be brought in two potentially different venues, the statute's specific venue provisions are not a substitute for personal jurisdiction — the court must still ensure at the outset that it has the power to compel the defendant to appear in its court." *Winona Foods, Inc. v. Timothy J. Kennedy, Inc.*, No. 07-C-1003, 2008 WL 2570600 at *2 (E.D. Wis. Jun. 26, 2008).

Under Rule 4(k)(2), "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to the jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." This provision was enacted to "cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction." *ISI Intern., Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) (interpreting former Rule 4(k)(2)). This means that personal jurisdiction in federal

question cases is proper based merely on personal service only if a defendant is neither subject to the jurisdiction of a state court in Illinois nor subject to the jurisdiction of any court of general jurisdiction of any other state. *See id*.

> **B.     Is Ms. Beaman Subject to the Jurisdiction of Any State Court of General Jurisdiction?**

The court must thus consider whether Ms. Beaman is subject to personal jurisdiction in Texas, where her move originated, or Illinois, where Allied is based. As noted above, if any state court of general jurisdiction can exercise personal jurisdiction over Ms. Beaman, then Rule 4(k)(2) – which provides that in federal question cases, personal jurisdiction exists over a defendant who is *not* subject to the jurisdiction in any state's courts of general jurisdiction – cannot provide the basis for personal jurisdiction over Ms. Beaman.

> **1.     Texas**

Because Ms. Beaman moved from Texas, her goods were picked up from Texas, and her goods appear to have been picked up by an Allied agent based in Texas, Allied may have been subject to suit in Texas based on the actions of its agent. *See Schwarz v. National Van Lines, Inc.*, 317 F.Supp.2d 829, 835 (N.D. Ill. 2004) (carrier reached out to state where shipper was located via the actions of its agent). But could Allied sue Ms. Beaman there? Ms. Beaman's primary contacts appear to have been with Country Wide Moving in Canada, as indicated on the bill of lading, but it is clear that she moved from her former residence in Texas to a new residence in Canada. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (to assert personal jurisdiction consistent with federal due process, a defendant must have (1) "certain minimum contacts with the forum state such that (2) the maintenance of the suit does not offend

'traditional notions of fair play and substantial justice'"). Given that Ms. Beaman was moving from Texas and had contacts with her movers while there, it is reasonable to conclude that she could expect to be haled into a Texas court. Thus, the court cannot exercise jurisdiction under Rule 4(k)(2), which allows the court to do so only if Ms. Beaman is not subject to the jurisdiction of any state court of general jurisdiction.[1]

### 2. Illinois

Allied's suit against Ms. Beaman may nevertheless proceed if an Illinois court could exercise personal jurisdiction over her consistent with the federal constitution. According to Allied, Ms. Beaman has the requisite minimum contacts with Illinois because she entered into a contract with a company located in Illinois and had numerous discussions with Allied in Illinois in connection with Allied's efforts to adjust Ms. Beaman's claim post-move.

Under the Illinois long-arm statute, Illinois state courts may exercise specific jurisdiction over nonresident defendants if the claims arise from their transactions in Illinois. 735 ILCS § 5/2-209 (a) & (b). The Illinois long-arm statute also contains a catch-all provision which allows Illinois state courts to assert personal jurisdiction to the maximum extent permitted by the Illinois and United States Constitutions. 735 ILCS § 5/2-209(c). Thus, jurisdiction is coextensive with federal due process requirements. *See, e.g., RAR, Inc. v. Tuner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits when a state may assert *in personam* jurisdiction over nonresident defendants.

---

[1] Under the Carmack Amendment, venue would be proper in Texas if Allied operated there. *See* 49 U.S.C. § 14706(d). However, Rule 4(k)(2) asks whether Ms. Beaman is subject to the jurisdiction of any state court of general jurisdiction and does not add in a venue requirement. Thus, considerations of venue are not germane to whether jurisdiction is proper under Rule 4(k)(2) and the court will thus not consider whether venue is proper in Texas.

*Pennoyer v. Neff*, 95 U.S. 714, 733 (1878). A court may constitutionally exercise jurisdiction over a non-resident defendant if: (1) the defendant has minimum contacts with Illinois (*e.g.*, she purposely availed herself of "the privilege of conducting activities within . . . [Illinois], thus invoking the benefits and protections of its laws"); and (2) compelling the defendant to defend a lawsuit in Illinois will not offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109, 113 (1987).

The contract at issue in this case was between Ms. Beaman, who lived in Texas, and Allied, via Country Wide Moving, Allied's agent in Saskatoon. The bill of lading also notes that one of Allied's agents in Texas, Berger/Austin, provided services. The fact that Allied, Country Wide Moving's principal, is based in Illinois does not mean that Ms. Beaman is automatically subject to suit in Illinois. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d at 1280 (in a breach of contract case, the fact that the plaintiff was located in Illinois did not create a "substantial connection with Illinois" that supported personal jurisdiction over the defendant); *see also Abbott Laboratories, Inc. v. BioValve Technologies, Inc.*, 543 F.Supp.2d 913, 920 (N.D. Ill. 2008) ("As a threshold matter, the court agrees with [the defendant] that it is not subject to personal jurisdiction in Illinois merely because it entered into a contract with an Illinois resident").

Instead, the court must consider "whether the contract was negotiated or executed in Illinois and whether it was to be performed in Illinois, whether payment was to be made in Illinois, whether the defendant was ever physically present in Illinois in connection with the contract, whether the Illinois plaintiff or the out of state defendant initiated the transaction, and the occurrence of telephone calls or faxes to and from Illinois." *Citadel Group Ltd. v. Merle*

*West Medical Center, Inc.*, No. 06 C 6162, 2007 WL 5160444, at *3 (N.D. Ill. Jun. 13, 2007) (collecting cases).

Here, the records shows that Ms. Beaman and an Allied agent in Canada negotiated the contract. Contacts relating to the contract's negotiation thus were with Texas and/or Canada. Similarly, the contract was executed in Texas and/or Canada, the contract for moving services covered a move from Texas to Canada, it appears that Ms. Beaman paid the Allied agent in Texas, no evidence indicates that Ms. Beaman was ever physically present in Illinois in connection with the contract, and Ms. Beaman initiated the transaction by dealing with an Allied agent in Canada.

Moreover, Allied has not pointed to any evidence indicating that Ms. Beaman performed any acts by which she purposefully availed herself of the benefits and protections of Illinois' laws. Instead, Allied was connected with the transaction because its agents moved Ms. Beaman's goods under Allied's interstate authority pursuant to a bill of lading issued by Allied via Country Wide Moving, which is listed on the bill of lading as the "Carrier's Contact Office." *See* Amended Complaint Ex. 2 (Bill of Lading).

The only contact Ms. Beaman appears to have had with Allied itself in Illinois was after Allied allegedly breached the contract. Allied has not pointed to any authority indicating that post-breach contacts with Illinois meant to resolve a dispute short of litigation rise to the level of contacts that would support the exercise of personal jurisdiction. Such a conclusion is at odds with the basic principles underlying personal jurisdiction, which focus on whether a defendant purposely availed herself of the privilege of conducting activities within Illinois. A defendant who reaches out to Illinois *after* an alleged breach of contract has taken place is not trying to

conduct business in Illinois. *See International Medical Group, Inc. v. American Arbitration Ass'n*, 149 F.Supp.2d 615, 625-26 (S.D. Ind. 2001) (contacts with Indiana regarding potential arbitration after alleged breach of insurance policy occurred did not support the exercise of personal jurisdiction in Indiana).

The court thus finds that Ms. Beaman lacks enough contacts with Illinois to subject her to suit in Illinois. As discussed above, however, Ms. Beaman is subject to suit in Texas, so the court cannot exercise jurisdiction over her based on Rule 4(k)(2), which allows the court to exercise jurisdiction over an individual who is not subject to the jurisdiction of any state court of general jurisdiction.

In the interests of completeness, however, the court briefly notes that Allied's request for an anti-suit injunction would fail as Allied itself acknowledges that Ms. Beaman's pending Canada suit does not name Allied as a defendant. *See Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (discussing parallel nature of suits and considering whether foreign action should be enjoined in favor of parallel case pending in Illinois); *see also Affymax, Inc. v. Johnson & Johnson*, 420 F.Supp.2d 876, 883 (N.D. Ill. 2006) ("an anti-suit injunction should issue only if the parties are the same in both matters, the resolution of the case before the enjoining court is dispositive of the action to be enjoined, and the foreign action threatens the jurisdiction or the strong public policies of the enjoining forum"). Moreover, a party's characterization of a foreign suit as frivolous does not necessarily entitle it to an anti-suit injunction from a federal court preventing the foreign suit from proceeding. *See Affymax, Inc. v. Johnson & Johnson*, 420 F.Supp.2d at 883.

## III. Conclusion

For the reasons stated above, the court finds that Allied's suit against Ms. Beaman, which currently asks for an order enjoining Ms. Beaman's Canadian lawsuit against entities other than Allied, must be dismissed for lack of personal jurisdiction. Thus, this case is dismissed for lack of jurisdiction and Allied's motion for a default judgment is stricken as moot. The clerk is directed to terminate this case from the court's docket.


DATE: July 21, 2008                    _____
                                       Blanche M. Manning
                                       United States District Judge